IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHRISTOPHER J. VANDER KLEY,                Civ. No. 04-6355-AA

       Plaintiff,                      OPINION AND ORDER

   vs.

ACSTAR INSURANCE COMPANY,

       Defendant.
_____

John Spencer Stewart
Thomas A. Larkin
Robert B. Coleman
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201
    Attorneys for plaintiff

Thomas H. Tongue
John H. Chambers
Kjersten H. Turpen
Dunn Carney Allen Higgins & Tongue
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brought suit against defendant alleging breach of contract, breach of fiduciary duty, negligence, fraud, and negligent misrepresentation. Per court order, plaintiff filed an amended complaint after dismissal of the majority of plaintiff's claims on ripeness grounds. Defendant again moves to dismiss plaintiff's First Amended Complaint in its entirety, arguing that plaintiff amended damages claims remain speculative or fail to state a claim for which relief may be granted.

BACKGROUND

Plaintiff's First Amended Complaint alleges the following:

Plaintiff is a contractor registered with the Oregon Construction Contractors Board doing business in Oregon as Vander Kley & Company. In 1999, plaintiff entered into three Subcontract Agreements with OC America Construction, Inc., a general contractor. Under the Subcontract Agreements, plaintiff agreed to provide labor, materials, and/or equipment in areas of carpentry, steel stud framing, drywall, insulation, and installation of ceramic tile for a school facility improvement project.

Defendant is authorized to post surety bonds in Oregon. To secure plaintiff's obligations under the Subcontract Agreements, plaintiff and defendant - as principal and surety - posted Performance and Payments Bonds to OC America as Obligee. Plaintiff also entered into an indemnity agreement in favor of defendant.

In the spring of 2000, before the project was completed, OC America terminated the Subcontract Agreements, engaged third parties to complete plaintiff's work, and submitted monetary claims to plaintiff and defendant as surety.

In 2001, plaintiff and defendant filed suit against OC America in state court seeking payments and damages owed to plaintiff under the Subcontract Agreements. Defendant retained counsel to prosecute its claims against OC America, and plaintiff alleges that defendant's counsel also represented his interests in perfecting claims against OC America. Plaintiff subsequently declared bankruptcy and obtained a full discharge, but the bankruptcy trustee apparently abandoned plaintiff's claims against OC America.

After the bankruptcy proceedings, defendant agreed to participate in a mediation to resolve defendant's claims brought against OC America brought as plaintiff's surety. Plaintiff did not agree to the mediation and objected to defendant's participation in the mediation process without him. Defendant proceeded with the mediation and settled its claims with OC America. Plaintiff alleges that defendant paid OC America "hundreds of thousands" of dollars and agreed to a provision in the settlement agreement that prohibited defendant and defendant's counsel from assisting plaintiff in pursuing his claims against OC America. First Amended Complaint, ¶ 17. Plaintiff further alleges that defendant's agreement with OC America was an "obvious effort

to frustrate any ability of Plaintiff to recover the millions of dollars to which counsel of record previously represented Plaintiff was entitled to recover." Id. Plaintiff claims that defendant is liable to him for "the benefits of Defendant['s] preparations to litigate Plaintiff['s] claims against OC America and all damages caused by delays in litigating his claims against OC America." Id.

Plaintiff also alleges that upon plaintiff's termination under the Subcontract Agreements, defendant "assumed complete and exclusive control over all of the affairs of Plaintiff with respect to the three Subcontract Agreements," and that defendant "made determinations as to which claims to pay, and the amount of payments to be made." Id. ¶ 18. Specifically, plaintiff alleges that defendant "paid employees but did not pay employee tax liability without his consent, resulting in significant pending claims by various taxing authorities." Id. Plaintiff argues that defendant is liable for damages to which plaintiff is "exposed" as a result of defendant's failure to "make appropriate [tax withholding] payments, as required by law." Id. ¶¶ 18, 23.

DISCUSSION

In his original complaint, plaintiff alleged that he was injured as a result of defendant's participation in the mediation and defendant's alleged assignment of its indemnity rights to OC America, in that the "practical effect of [the indemnity] assignment was to frustrate any ability on the part of Plaintiff to

recover amounts to which he is justly entitled." Complaint, ¶ 17. I dismissed all claims based on these allegations, finding that they were not ripe for adjudication because plaintiff had not attempted to recover damages from OC America. In other words, absent allegations that plaintiff was entitled to recover damages from OC America and that plaintiff was prevented from obtaining such damages by defendant's actions in the settlement agreement, I found that plaintiff's claims of injury were speculative.

In plaintiff's First Amended Complaint, he now alleges that he suffered injury because defendant's settlement with OC America prevents defendant or its counsel from assisting plaintiff in pursuing his claims against OC America. As a result, plaintiff alleges that he has lost the benefits of defendant's litigation preparation and has suffered delays in litigating his claims against OC America. First Amended Complaint, ¶ 17. Defendant emphasizes that plaintiff's amendments in this respect are not in accordance with the court's order. I agree. The court ordered plaintiff to amend his complaint to clarify the legal theory under which he sought damages for defendant's alleged failure to pay tax withholdings. The court's order did not allow further amendment, and plaintiff did not seek leave of court to do so.

Regardless, defendant moves to dismiss these amended allegations, because plaintiff fails to allege that he has incurred actual damages as a result of defendant's inability to assist

plaintiff in bringing action against OC America. See Cardenas v. Anzai, 311 F.3d 929, 933 (9th Cir. 2002) (subject matter jurisdiction does not exist over claims which are not ripe for adjudication). Defendant maintains that plaintiff's claimed injuries remain speculative, because plaintiff has not filed an action against OC America or incurred costs in doing so.

Plaintiff argues that his allegations, which the court must accept as true, support a reasonable inference of actual injury, because defendant promised to represent plaintiff's interests and pursue legal action against OC America, and plaintiff did not and cannot receive the benefit of that promise. As in his original complaint, plaintiff does not allege that he has incurred actual costs or damages because he can no longer ride the coattails of defendant in preparing a legal case against OC America.[1] Rather, plaintiff relies on the conclusory allegation that defendant reneged on a promise of representation and is therefore liable for plaintiff in an amount equal to the benefit of that representation. For an injury to be ripe, however, "the plaintiff must have sustained a 'concrete' injury, 'distinct and palpable . . . as opposed to merely abstract.'" Schmier v. United States Court of Appeals for the Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002)

---

[1] I find it questionable whether plaintiff could assert such damages given plaintiff's allegation that he entered into an indemnity agreement in favor of defendant. First Amended Complaint, ¶ 6. This issue was not raised by the parties, and I do not consider it further.

(quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

As alleged, the "benefit" that plaintiff would have received from defendant's promise of representation would not have been in the form of money in hand. Rather, it would have been the avoidance of additional expenses incurred by plaintiff in pursuing legal action without the aid of defendant or defendant's counsel. Plaintiff does not allege that he has pursued action against OC America and incurred costs that he otherwise would not have but for defendant's agreement with OC America. Thus, until plaintiff actually pursues his claims against OC America and incurs legal expenses, plaintiff's injury is not concrete or palpable, and his claims arising from defendant's alleged conduct are not ripe for adjudication. Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citation omitted). Finally, as I found previously, the hardship to plaintiff is outweighed by the speculative nature of his injury. Abbott Labs. V. Gardner, 387 U.S. 136, 149 (1967).

Next, plaintiff clarifies that he seeks damages incurred by defendant's failure to pay withholding taxes under theories of breach of contract and negligence. Specifically, plaintiff alleges that defendant "breached its fundamental obligation to deal fairly and in good faith with Plaintiff by failing to make appropriate

payroll related payments," and that defendant "negligently failed to make the appropriate pay-roll related payments . . . ." First Amended Complaint, ¶¶ 23, 27. Plaintiff also alleges that defendant was "required by law" to pay such withholding taxes. Id. ¶ 18. Defendant maintains that plaintiff cannot state a claim for which relief may be granted, because plaintiff alleges no special relationship between the parties to support a negligence claim, and further alleges that defendant merely paid wage claims against the bond rather than actual wages to employees.

I agree and find that plaintiff cannot assert this claim under a theory of negligence, because the parties' obligations arise out of contract and plaintiff alleges only economic loss. Plaintiff has not pled facts to support the existence of a "special relationship" between the parties or that defendant is subject to a standard of care independent from its contractual duties with respect to defendant's alleged obligation to pay withholding taxes. Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159, 843 P.2d 890 (1992) ("[A] negligence claim for the recovery of economic losses caused by another must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm.") (footnote omitted); Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or. App. 324, 332, 63 P.3d 592 (2003) ("Because the parties' relationship arises out of a contract, plaintiff may bring a claim

for negligence only if defendant is subject to a standard of care independent of the terms of the parties' contract".). Plaintiff alleges nothing more than a relationship between the parties as surety and principal. "The relationship between a surety and a principal, however, is not generally one of a fiduciary nature." Insurance Co. of North America. v. Morris, 981 S.W.2d 667, 674-75 (Tex. 1998) (citing cases).

Likewise, the facts alleged do not support plaintiff's claim that defendant breached the covenant of good faith and fair dealing in failing to pay withholding taxes. The duty of good faith and fair dealing – "which serves to effectuate the objectively reasonable expectations of the parties" – "cannot expand the parties' substantive duties under a contract; rather, it relates to the performance of the contract." Gibson v. Douglas County, 197 Or. App. 204, 217, 106 P.3d 151 (2005). Here, the bond conditioned that "the Principal shall well and truly perform all the work specified in the contract, and shall promptly make payments to all persons supplying the Principal with labor and material in the prosecution of the work provided for in said contract . . . ." First Amended Complaint, Exs. 1-3. Thus, the surety contract does not create a separate, substantive duty to pay withholding taxes to governmental taxing authorities to support plaintiff's implied allegation that he had a reasonable expectation that defendant would make such payments.

9   - OPINION AND ORDER

Moreover, defendant was not, as plaintiff alleges, "required by law" to pay withholding taxes as surety. First Amended Complaint, ¶ 18. Federal and state law provide for third-party liability for payroll taxes when the third party either pays wages directly or finances the payment of wages upon notice or knowledge that the employer is unable to make timely withholding payments. See 26 U.S.C. §§ 3505(a) & (b); Or. Rev. Stat. § 316.167(3). However, I find that neither § 3505 nor § 316.167 applies to the facts as alleged in this case, because any unpaid taxes accrued when plaintiff had control over the payment of wages.[2]

Plaintiff alleges that OC America engaged third parties to complete the work upon termination of the Subcontract Agreements. First Amended Complaint, ¶ 8. Plaintiff further alleges that upon OC America's "default termination" of the Subcontract Agreements, defendant "took over the payroll and purported to satisfy payroll claims, including claims of subcontractors and material suppliers." Complaint ¶ 18. Thus, any wages owed to plaintiff's employees for

---

[2]While the Ninth Circuit has held that the United States government may be able to recover withholding taxes under a surety bond if the employer failed to make the requisite tax payments, the court did not relieve, in whole or in part, the employer's obligation to pay such taxes. See Island Ins. Co., Ltd. v. Hawaiian Foliage & Landscape, Inc., 288 F.3d 1161 (9th Cir. 2002). Rather, the Ninth Circuit held that the United States government may be a third-party beneficiary to the surety contract, if the bond secures the employer's payment of withholding taxes by explicit language contained in the bond or by the incorporation of an underlying contract that specifically provides for the payment of taxes. Id. at 1164.

the project accrued prior to the termination of plaintiff's contract, when plaintiff had control over the payroll by its own allegations. Plaintiff does not allege that defendant paid wages to employees directly or supplied funds for the specific purpose of paying the employees' wages upon notice that plaintiff was unable to make withholding tax payments. Instead, plaintiff alleges nothing more than satisfaction of wage claims made against the bond. Such action does not constitute control over or direct payment of wages such that defendant, rather than plaintiff, bore liability for payment of withholding taxes. Therefore, I find that plaintiff fails to state a claim for recovery of damages resulting from defendant's alleged failure to make tax withholding payments.

CONCLUSION

Defendant's Motion to Dismiss (doc. 32) is GRANTED. Plaintiff's claims against defendant for alleged damages associated with defendant's inability to assist plaintiff in pursuing claims against OC America are not ripe, and plaintiff fails to state a cognizable claim against defendant for liability based on the failure to make tax withholding payments.

IT IS SO ORDERED.

DATED this <u>31</u> day of May, 2005.


                                    /s/ Ann Aiken
                                      Ann Aiken
                            United States District Judge