IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER J. VANDER KLEY,                    Civ. No. 04-6355-AA

                    Plaintiff,                 OPINION AND ORDER

          vs.

ACSTAR INSURANCE COMPANY,

                    Defendant.
_____

AIKEN, Judge:

     Plaintiff brought suit against defendant, as surety, alleging
breach of contract, breach of fiduciary duty, negligence, fraud,
and negligent misrepresentation. Plaintiff sought damages
allegedly sustained as a result of defendant's participation in a
mediation with a third party, OC America, and defendant's
assignment of its indemnity rights against plaintiff to OC America.
Plaintiff also sought damages incurred by defendant's alleged

1    - OPINION AND ORDER

failure to pay withholding taxes when satisfying wage claims made against a bond issued under the parties' surety agreement. I dismissed all claims based on these allegations, finding that they were not ripe for adjudication because plaintiff failed to allege actual damages sustained as a result of defendant's actions.

Defendant now seeks an award of attorney's fees in the amount of $45,362.25 and a bill of costs in the amount of $349.00. Defendant argues that Oregon law allows attorneys fees where provided by contract, and that the indemnity agreement between the parties suffices as the basis for an award of fees in defending this action. Plaintiff responds that its breach of contract claim was not based on the indemnity agreement and therefore cannot support an award of attorney's fees. I agree.

Under Oregon law, the court may award attorney fees if provided by statute or contract. See Guild v. Baune, 200 Or. App. 397, ___ P.3d ___, 2005 WL 1524116, *2 (June 29, 2005) ("Ordinarily, a litigant is entitled to an award of attorney fees only if a statute or contract authorizes such an award."); Weatherspoon v. Allstate Ins. Co., 193 Or. App. 330, 335, 89 P.3d 1277 (2004) ("Generally, a court does not properly exercise its authority to award attorney fees unless it is authorized to do so by contract or statute."). Defendant relies on Or. Rev. Stat. § 20.096, which authorizes attorney's fees in "any action or suit in which a claim is made based on a contract, where such contract

specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties." Thus, under this statutory provision, attorney fees based on contract may be awarded when a party seeks to enforce the contract, and the language of the contract authorizes fees to the prevailing party. See Quality Contractors, Inc. v. Jacobsen, 139 Or. App. 366, 370, 911 P.2d 1268 (1996) ("ORS 20.096(1) is applicable only to contractual provisions awarding attorney fees to the 'prevailing party' or its functional equivalent, not to *any* contractual clause awarding attorney fees to one of the parties. ORS 20.096(1) does not provide a separate source of attorney fees independent of the underlying contract.").

Here, however, plaintiff did not seek to enforce the indemnity contract, and defendant did not raise the indemnity contract in support of a counterclaim against plaintiff. Moreover, the indemnity agreement does not provide "that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties." Or. Rev. Stat. § 20.096. Rather, it requires plaintiff to indemnify and hold defendant harmless for losses defendant "may sustain or incur by reason or in consequence of the execution of [the] bond or bonds . . . ." Affidavit of Thomas H. Tongue, Ex. A, p. 1. Therefore, the indemnification agreement does not support an award of attorney's fees based on plaintiff's contract claims against defendant.

However, upon review of defendant's Bill of Costs and memorandum and affidavit in support, costs are awarded to defendant pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920.

CONCLUSION

Defendant's Motion for Attorney's Fees (doc. 42) is DENIED. Costs are HEREBY AWARDED to defendant in the amount of $349.00. IT IS SO ORDERED.

DATED this 22 day of July, 2005.


_____
Ann Aiken
United States District Judge